Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2126 | **DATE** | 6/7/2001 |
| **CASE TITLE** | REX E. BLACK vs. UNITED STATES OF AMERICA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Petitioner Black's motion to quash summons [5-1] is denied. Because the court denies the motion to quash the petition, the above-entitled action shall be terminated. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 7 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 JUN 12 AM 9:25 | 6/8/2001 date mailed notice | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | CG mailing deputy initials | |

# IN THE UNITED STATE DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| REX E. BLACK, | ) | |
| Petitioner, | ) ) ) | Civil No. 01-C-2126 |
| v. | ) ) | Judge Ronald A. Guzman |
| UNITED STATES OF AMERICA | ) ) | |
| Respondent | ) ) | |

DOCKETED JUN 1 3 2001

## MEMORANDUM OPINION AND ORDER

Petitioner Rex E. Black moves the court to quash an IRS summons issued to the Bank of Homewood. For the reasons set forth below, this motion is denied. (#5)

## BACKGROUND FACTS

The Internal Revenue Service and Revenue Agent James Johnson are conducting an investigation into the federal income tax liabilities of Petitioner for the tax years 1997 and 1998. During the course of the investigation, Agent James Johnson determined that the Bank of Homewood may have information and/or records pertaining to Petitioner's tax liabilities. On March 16, 2001, the Agent Johnson issued a summons to the Bank of Homewood (formerly the Bank of Matteson), 4600 Lincoln Highway, Matteson, Illinois 60443. The petitioner, Rex E. Black, former trustee for Liberty Estate Planning, has also been served with a form 2039 summons titled; In the matter of the tax liability of Rex E. and Carol L. Black.

The summons seeks documentation concerning the accounts in the name of Liberty Estate Planning or Liberty Estate Planning, Ltd. There is no referral to the Department of Justice

1

in effect regarding petitioner, and the material summonsed is not already in the possession of the IRS. Notice of issuance of the IRS summons was sent via certified mail to Rex E. Black on March 16, 2001. On March 27, 2001, Petitioner moved to quash the IRS summons.

## DISCUSSION

### A. Issues

The court has construed the petition to quash on presenting six issues: 1) that summons was improper because the summons form 2039 was "Administrative Summons Obtaining Evidence from Abroad Administratively"; 2) that the Revenue Agent lacked the authority to issue IRS summons; 3) that the IRS lacked the application to enforce the summons because the IRS' power to issue summons is related to 26 U.S.C. § 6420 (Credit for Gasoline Used on Farms), 26 U.S.C. §6421 (Credit for Gasoline Used for Certain Non-Highway Purposes) and 26 U.S.C. §6427 (Credit for Fuel Not Used for Taxable Purposes), and the Petitioner was engaged in none of these activities; 4) that IRS may no longer use Treasury regulation §1.7601-4 because the powers of that regulation have been delegated to the Bureau of Alcohol, Tobacco and Firearms, and that the Petitioner does not traffic in alcohol, tobacco or firearms; and 5) that the IRS must first determine the taxable status of the Petitioner before issuing a summons. Each of these arguments will be addressed in turn.

### B. Analysis

The Ninth circuit has summarized the well-established requirements for enforcement of an IRS summons, as follows:

To obtain enforcement of a summons, the IRS must first establish its "good faith" by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant

to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code. *United State v. Powell*, 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-55 (1964). The government's burden is "a light one" and typically is satisfied by the introduction of the sworn statement for the revenue agent who issued the summons declaring that the *Powell* requirements have been met. *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir.1993); *United State v. Gilleran*, 992 F.2d 232, 233 (9th Cir.1993).

Once a prima facie case is made, a 'heavy' burden is placed on the taxpayer to show an 'abuse of process' or 'the lack of institutional good faith.' *Dynavac*, 6F.3d at 1414; *Fortney v. United States*, 59 F.3d 117, 119 (9th Cir.1995); *accord United State v. Abrahams*, 905 F.2d 1276, 1280 (9th Cir.1990); *Ponsford v. United States* 771 F.2d 1305, 1307, 1308 (9th Cir.1985); *Liberty Financial Services v. United States*, 778 F.2d 1390, 1392 (9th Cir.1985).

The court finds that the government has satisfied the *Powell* factors by way of the declaration of Revenue Agent James Johnson. The IRS is conducting an investigation into the federal income tax liabilities of the Petitioner for the tax years 1997 and 1998 (Johnson Declaration ¶2). The summons seeks the production and examination of books, records, papers and other data relating to the tax liability of the Petitioner for tax years 1997 and 1998. (Johnson Declaration ¶13). Agent Johnson specifically states in his declaration that the IRS does not already have possession of the documents and all administrative steps were followed. (Johnson Declaration ¶¶12, 10).

The declaration of Revenue Agent Johnson satisfies the government's prima facie case by meeting all of the *Powell* requirements. The government has established its "good faith" by providing evidence that the summons was issued for a legitimate purpose, that it seeks information relevant to that purpose, that it seeks information not already in the IRS' possession,

3

and that all administrative steps required by the United States Code have been met. *See Forney v. United States*, 59 F.2d at 119. Therefore, the "burden" shifts to the petitioner to show abuse of process or bad faith.

To satisfy the burden of establishing abuse of process or bad faith, a petitioner is required to submit an opposing factual affidavit. *See United State v. Balanced Fin. Management*, 769 F.2d 1440, 1444 (10th Cir.1985). The taxpayer must allege specific facts and cite evidence to support his or her allegation. *See Liberty Financial Services v. United States*, 778 F.2d 1390, 1392 (9th Cir.1985); *United States v. Samuels, Kramer & Co.*, 712 F.2d 1342, 1347-48 (9th Cir.1985). Here, Petitioner has not submitted a factual affidavit opposing the affidavit of Agent Johnson, and he, therefore, fails to meet his burden on the petition to quash summons.

The court finds Petitioner's remaining arguments to be insufficient as a mater of law. First, Petitioner contends that the summons form 2039 is in improper form. Courts routinely have recognized the use of Form 2039 for issuance of third party summonses. *See, e.g., Theuring v. United States*, No. 98-3378, 1999 WL 220135 (6th Cir. 1999) (upholding validity of Form 2039 as form used for issuance of third party summonses on domestic earned income); *Remark v. Untied states*, 979 F2d 770, 771 (9th Cir.1992); *Lobello v. United States*, No. 99-CV-1932 H, 2000 WL 276938 (S.D.Cal.2000). Thus, Petitioner's objections to the Form 2039 do not constitute a valid basis for quashing the summons.

Petitioner also contends that the revenue agent has not been properly delegated the authority to issue and serve the IRS summons. The commissioner has delegated the authority to issue summons to revenue agents in Internal Revenue Service Delegation Order No. 4 (Rev.22) (2000). When a third party summons is issued, Delegation Order No. 4 requires the issuing officer's manager, or any supervisory official above that level to have authorized the issuance of

a summons. *See Rude v. Brown*, 80 A.F.T.R.2d 97-8301 (E.D.Cal.1997); *Wright v. United States*, 964 F.Supp. 336, 340 (M.D. Florida 1997). The summons in question shows that the summons was approved by Revenue Agent Johnson's immediate supervisor and team manager, Steven Nickels. Accordingly, the summons was issued in compliance with Delegation Order No. 4.

Petitioner asserts that the IRS has no authority to issue the summons because the IRS' power to summons is related to 26 U.S.C. §§6420(e)(2) (Gasoline used on Farms), 6421(g)(2) (Gasoline used on Non-Highway purposes), and 6427 (j)(2) (Fuel not used for Taxable purpose). However, these sections are irrelevant to the case at bar. The IRS' authority to issue administrative summonses is authorized by 26 U.S.C §7602 and the authority of the IRS under §7062 repeatedly has been upheld. *See, e.g., Powell* U.S. at 51; *Rude*, 80 A.F.T.R. 2d 97-8301 (E.D Cal.1997) (upheld validity of third party summons by the IRS as a legitimate use of the summons power of §7602).

Petitioner's assertion that the IRS has no authority to issue the summons because the power to utilize IRC 7601-4 is related Alcohol, Tobacco, and Firearms Division is without merit. Issuance of administrative summonses is authorized by 26 U.S.C. §7602. *Powell*, 379 U.S. at 51. The District court in *Faber* case rejected the petitioner's assertion that the regulations are inapplicable to him because they are lodged under the authority of the Bureau of Alcohol, Tobacco and Firearms by stating that the "name of the division assigned responsibility for various duties under the regulations does not limit the substantive authority granted by the authorizing statute." *See, Faber v. United States*, 69 F. Supp.2d 965, 970 (W.D.Mich. 1999). Also, §7602 is not so limited and a summons can be issued to determine the tax liability of "any person." *Umlauf v. United States*, No. 1:98 CV 795 1999 WL 501011 (W.D. Michigan, May 28, 1999).

5

Finally, Petitioner contends that the IRS failed to determine the Petitioner's taxable status before issuing a third party summons. Contrary to petitioner's contention, there is no requirement that the IRS make any assessment before it issued a summons. *See Methvin v. United States*, No. CIV. 98-1513 ST., 1999 WL 458976 (D.Or.1999).

Petitioner has failed to state a legitimate basis for challenging IRS authority to issue administrative summons under 26 U.S.C.§7602.

## CONCLUSION

For the reasons set forth above, Petitioner Black's motion to quash summons is denied. (#5) Because the court denies the motion to quash the petition, the above-entitled action shall be terminated.

**SO ORDERED**　　　　　　　　　　　　　　　ENTERED: 6/7/07

　　　　　　　　　　　　　　　　　　　　　　　　　_[signature]_
　　　　　　　　　　　　　　　　　　　　　　　　　**HON. RONALD A. GUZMAN**
　　　　　　　　　　　　　　　　　　　　　　　　　**United States Judge**